**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:09-CR-0462 AWI** |
| ) | |
| **Plaintiff,** ) | **ORDER DENYING PETITION TO** |
| ) | **WAIVE MONETARY ASSESSMENT** |
| **v.** ) | |
| ) | (Document #37) |
| **CRISTOBAL CHAVEZ-SOLNO,** ) | |
| ) | |
| **Defendants.** ) | |

On January 5, 2011, District Court Judge Olver W. Wanger[1] issued a judgment in Defendant's criminal case.   Along with his sentence, Defendant was ordered to pay a criminal monetary penalty of $100.   On January 5, 2012, Defendant filed a petition asking the court to waive this monetary assessment.

In the petition, Defendant requests that the $100 assessment be waived.   Defendant contends that Petitioner needs to comunicate with his family but his work payment is being used to pay off the $100.   Based on the records attached to the petition, it appears Defendant's contact with his family is limited by the fact that he must pay for the cost of phone calls and also make payments toward the $100 assessment.

Title 18 U.S.C. § 3013(a)(2)(A) requires the court to make a $100 assessment on any person convicted of a felony.   In general, a defendant's financial circumstances is not a basis for

1.   In light of Judge Wanger's retirement, this action was reassigned to the undersigned.

1

the court to waive the $100 assessment.  See United States v. Cooper, 870 F.2d 586 (11th Cir.

1989) (assessment following guilty plea was not unconstitutional, despite defendant's indigency);

United States v. Sablan, 92 F.3d 865, 871 (9th Cir. 1996) (noting that a present inability to pay

does not preclude restitution because a defendant's future financial status is indeterminable and

can change).   Defendant has not set forth a sufficient basis for the court to wave the mandatary

assessment.

Accordingly, Defendant's motion to waive the monetary assessment is DENIED.

IT IS SO ORDERED.

Dated:     January 25, 2012          _____

CHIEF UNITED STATES DISTRICT JUDGE